## CINCINNATI SUPERIOR COURT
### LINDEMAN v. ROSCHE

Superior Court of Cincinnati    No. 58241

118. AUTOMOBILES—Automobile owner held not liable for wrongful death of passenger for running into blind street.

MARX, J.    Epitomized Opinion

This was an action against the defendant for wrongful death by Lindeman. The plaintiff's husband was a passenger in the automobile of Rosche at the time the accident occurred. Both plaintiff and her husband had been guests at the defendant's home and at the close of the evening Rosche offered to take them to their home in his automobile. They accepted this offer and defendant in driving them toward their home drove into a blind street opening before reaching the Boulevard, and struck an iron pole. The defendant was deceived by this blind opening and turned his automobile into it in the belief that he was turning into the Boulevard. As the automobile struck an iron pole the deceased was thrown out and killed.

At the first trial the jury returned a verdict for the defendant. This judgment was reversed by the Court of Appeals for error in the court's charge. The case was again tried and the jury returned a verdict for defendant. In prosecuting error this time, the plaintiff claimed that the verdict was manifestly against the weight of the evidence. In sustaining the verdict, the Court of Appeals held:

1. As the existence of this blind street opening constituted a trap to automobiles and a menace to life of such a serious character as to make the municipality negligent therefore, the defendant is not chargeable with any negligence as it required extraordinary caution upon the part of a driver who was not familiar with the street intersection at this point to avoid turning into this false street.

Attorneys—Albert D. Alcorn and Robert S. Alcorn, Cincinnati, for Lindeman; Schwab & McCaslin, Cincinnati, for Rosche.

**Statement of the Ownership, Management, Circulation, Etc., Required by the Act of Congress of August 24, 1912,**

Of The Ohio Law Abstract, published weekly at Cleveland, Ohio, for October 2, 1924.

State of Ohio, County of Cuyahoga, ss.

Before me, a Notary Public in and for the State and County aforesaid, personally appeared J. F. Laning, who, having been duly sworn according to law, deposes and says that he is the Business Manager of The Ohio Law Abstract, and that the following is, to the best of his knowledge and belief, a true statement of the ownership, management (and, if a daily paper, the circulation), etc., of the aforesaid publication for the date shown in the above caption, required by the Act of August 24, 1912, embodied in Section 443, Postal Laws and Regulations, printed on the reverse of this form, to wit:

1. That the names and addresses of the publisher, editor, managing editor and business managers are:

Publisher, The Law Abstract Co., Cleveland, Ohio. Editor, W. J. Tossell, Norwalk, Ohio. Managing Editor, J. F. Laning, Cleveland, Ohio. Business Manager, J. F. Laning, Cleveland, Ohio.

2. That the owner is: The Law Abstract Company, a corporation, and the names and addresses of the stockholders owning or holding one per cent or more of the total amount of stock are:

J. F. Laning, Cleveland, Ohio; M. W. Laning, Cleveland, Ohio; C. E. Laning, Cleveland, Ohio; Robert Lanius, Lorain, Ohio; S. R. Laning, Cleveland, Ohio, and S. H. Torrey, Cleveland, Ohio.

3. That the known bondholders, mortgagees, and other security holders owning or holding 1 per cent or more of total amount of bonds, mortgages, or other securities are: None.

4. That the two paragraphs next above, giving the names of the owners, stockholders, and security holders, if any, contain not only the list of stockholders as they appear upon the books of the company but also, in cases where the stockholder or security holder appears upon the books of the company as trustee or in any other fiduciary relation, the name of the person or corporation for whom such trustee is acting, is given; also that the said two paragraphs contain statements embracing affiant's full knowledge and belief as to the circumstances and conditions under which stockholders and security holders who do not appear upon the books of the company as trustees, held stock and securities in a capacity other than that of a bona fide owner; and this affiant has no reason to believe that any other person, association, or corporation has any interest direct or indirect in the said stock, bonds, or other securities than as so stated by him.

J. F. LANING, Business Manager.

Sworn to and subscribed before me this 1st day of April, 1924.
Milton Hird, Notary Public
My commission expires Sept. 10, 1926